United States District Court
Middle District of Florida
Jacksonville Division

**JONATHAN G. KRAL,**

    *Plaintiff,*

v.                                                                                             NO. 3:23-cv-1033-MMH-PDB

**TONY DONNELL AVERY &**
**CAROLYN LAVETTE GRIFFIN,**

    *Defendants.*

## Report and Recommendation

Proceeding without a lawyer, Jonathan Kral sues Tony Avery (an alleged case worker at the Clara White Mission) and Carolyn Griffin (the alleged residential director at the Clara White Mission) and applies to proceed without prepaying fees or costs. Docs. 4, 5. The undersigned recommends dismissing the action without prejudice for lack of subject-matter jurisdiction and directing the clerk to terminate the amended application.[1]

In this case, Mr. Kral has filed two complaints using the form "Complaint for a Civil Case," *see* AO Pro Se 1 (Rev. 12/16), the second one at the undersigned's direction. Docs. 1, 3, 4. The undersigned explained that a complaint must include a statement of the grounds for the court's jurisdiction,

---

[1]Other reasons for dismissal—such as failure to state a claim on which relief can be granted—may also exist. In the interest of judicial economy, the undersigned does not address other possible reasons for dismissal.

a statement of the claim showing the plaintiff is entitled to relief, and a demand for the relief sought. Doc. 3 at 2 (citing Fed. R. Civ. P. 8(a)). The undersigned explained that Mr. Kral "must plainly and honestly explain what each defendant did, how each defendant's actions injured him, and what he wants from each defendant through this lawsuit. Merely alleging 'discrimination' or 'embezzlement' does not suffice." Doc. 3 at 2. The undersigned directed him to resources for unrepresented litigants, including to the free Legal Information Program. Doc. 3 at 2–3.

In the "Statement of Claim" section of the amended complaint, Mr. Kral writes, "As stated used my name, credit, banking, embezzlement/fraud[] discrimination because of this I am distitute [sic] homeless embezzled money without my authorization including 10% of all business acquisition 1,000,000[.]" Doc. 4 at 4 (some capitalization omitted). In the "Relief" section of the amended complaint, he writes, "I want my money credit life back collusion conspiracy to commit fraud had to close accounts w [sic] Wells Fargo/Regions Bank/TD Bank. It was a nightmare identity theft, 1,000,000 to defraud." Doc. 4 at 4 (some capitalization omitted). In the "Basis for Jurisdiction" section of the amended complaint, he checks boxes for "Federal question" and "Diversity of citizenship." Doc. 4 at 3. To try to explain federal-question jurisdiction, he writes, "Fed. R. Civ. P. 8(A)" and "Achcroft [sic] v. Iqbal, 556 U.S. 662, 678 (2009. [sic]" Doc. 4 at 3. He alleges he, Mr. Avery, and Ms. Griffin are Florida citizens[2] and the amount in controversy is $1,000,000. Doc. 4 at 3–4.

---

[2]Mr. Kral identifies himself as a Florida citizen and as a corporation ("Jon Kral Fast Repairs") with its principal place of business in Florida. Doc. 4 at 3. He also identifies Ms. Griffin as a corporation incorporated in Florida with its principal place of business in Florida. Doc. 4 at 4. In the margin, he writes, "Shane BonDiaane

2

A court must construe a pleading drafted by litigant without a lawyer liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction means a federal court sometimes must "look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations" to determine whether a cognizable remedy is available. *Torres v. Mia.-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018).

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a). A federal court may have jurisdiction under a specific statutory grant, federal-question jurisdiction, or diversity jurisdiction. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Federal-question jurisdiction applies only if a claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction applies only if an action is between citizens of different states and involves more than $75,000. *Id.* § 1332(a). Supplemental jurisdiction applies only if a state claim is so related to a claim within the court's original jurisdiction that the claims form part of the same case or controversy. *Id.* § 1367(a). If a court determines jurisdiction is lacking, the court must dismiss the action, Fed. R. Civ. P. 12(h)(3), without prejudice, *Stalley ex. Rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

---

Florida B.B. Services WMDon Cleaning Florida DeBary America DeBary" but does not identify as a party any person or company with that name. *See generally* Docs. 4 at 1, 2, 4.

Construing the amended complaint liberally and holding it to a less stringent standard, Mr. Kral appears to attempt to sue Mr. Avery and Ms. Griffin for alleged identity theft and civil theft.[3] *See generally* Doc. 4. The undersigned is unaware of any claim arising under federal law available to Mr. Kral under the facts he alleges, and diversity jurisdiction is lacking because all parties are Florida citizens.

A court should freely allow a plaintiff to amend the complaint if justice so requires. Fed. R. Civ. P. 15(a)(2). The Court has already given Mr. Kral an opportunity to amend after explaining jurisdictional requirements. Under the facts he alleges, giving him another opportunity to amend would be futile.

Thus, the undersigned **recommends** dismissing the action without prejudice and **directing** the clerk to terminate the amended application to proceed without prepaying fees and costs, Doc. 5, and close the file.

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections[.]" Fed. R. Civ. P. 72(b)(2). Failing to serve and file specific objections alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge

[3]The federal statute criminalizing identity theft, 18 U.S.C. § 1028, provides no civil cause of action or remedy. *See Razzi v. Nimler*, No. 5:14-cv-447-Oc-22PRL, 2014 WL 5038337, at *3 (M.D. Fla. Oct. 8, 2014) ("The federal identity theft statute … is criminal in nature and provides no civil cause of action or civil remedy."); *Hernandez v. Doe*, No. 16-CV-2375, 2016 WL 4995231, at *2 (E.D.N.Y. Sept. 18, 2016) (observing that the federal identity theft statute "is purely criminal in nature and creates no private right of action").

anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on October 30, 2023.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Jonathan Kral
    301 Catherine St.
    Jacksonville, FL 32202